IN THE

## SUPREME COURT

OF THE

## STATE OF LOUISIANA.

—◦✦◦—

EASTERN DISTRICT, FEBRUARY TERM, 1824.

—◦✦◦—

*MARIGNY d'AUTERIVE* vs. *DEGRUY.*
*A. V. d'AUTERIVE & AL.* vs. *THE SAME.*
*L. d'AUTERIVE* vs. *THE SAME.*
*ROMAN* vs. *DEGRUY & AL.*

D'AUTERIVE
*vs.*
DEGRUY

If interest be promised to be paid, on a privileged debt, the interest is not therefore privileged.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. Consolidated cases. Marigny's petition states that Degruy, prior to the *18*th of June, 1810, owed him $11,730 37, for which (except for $595 37 1-2.) he had a privilege or tacit mortgage, $10,000, being monies received by the defendant for hire while a minor and the residue for wages as an overseer, and the hire of some of his negroes. That on said

18th of June, Degruy obtained from his credi-
tors a respite for two years for one half, and of
three years for the other; the plaintiff acceding
to this respite, with a refervation of his privilege
or tacit mortgage, Degruy pledged to his
creditors all his property, and the proceedings
were homologated. Elizabeth, Degruy's wife,
and the plaintiff's mother was a privileged
creditrix for $10,000, and is since dead.——
There was an averment that Degruy had not
complied with the conditions on which the
respite was granted and the petition concluded
with a prayer for an order of seizure and sale.

A. V. and E. d'Auterive, minor children of
T. d'Auterive, and nieces to Marigny, in right
of their deceased father, claimed one third of
the estate of their grand mother, Degruy's wife;
their petition concluded with the same aver-
ment and prayer as that of Marigny.

L. d'Auterive, Marigny's brother, made also
a claim for a third of his mothers estate, and
for $1,754 77, for wages & negro hire, his pe-
tition concludes with the like averment and
prayer.

Orders of seizure and sale having issued in
the above cases, Mrs. Roman, in her own right
and as tutrix aud curatrix of her minor chil-

dren, filed a petition, stating that Degruy and his wife were indebted to her deceased husband, in the sum of $44,587, and by a notarial deed, jointly and severally undertook to pay it, and Degruy for the security and payment of it, assigned to him two debts due by Bonne and Monlot, and mortgaged forty slaves, and afterwards obtained a respite, pledging his whole estate to his creditors. That her husband, in the mean while died, and she brought a suit for the recovery of the debts thus transfered, and a compromise took place between the debtors, Degruy and herself, whereby Degruy received from the debtors four notes, amounting, altogether, to $5000, which he transfered to her and she surrendered to him a tract of land, which he had sold to her husband and herself, reserving a mortgage thereon, and the forty slaves; Degruy promising to sell the land surrendered and the slaves, and a tract of land at Barataria, she stipulating that no novation would ensue, and Seghers, who was employed to effect the sale, was directed to pay the proceeds to Soulie her agent, Degruy agreeing to pay interest at the rate of eight per cent.

The petition next stated the suit of the children and grand children of Degruy's wife, and

prayed that the order of seizure and sale might be set aside, and that the property might be sold to satisfy her claim.

The original plaintiffs opposed Mrs Roman's claim, and prayed that Degruy's syndics might be made parties. This was done.

The cases being consolidated, the district court directed the original order of seizure and sale to be set aside, being of opinion that the acknowledgement of the debts claimed by Degruy's step children, was gratuitously made by him, and that, in reality, he never received the sums which he admitted had came to his hands that the emb rrassed situation of his affairs, at the date of his receipt, of the apparent improbability of these children having ever possessed the slaves, they alleged they had left in his hands, left no doubt on the mind of the Judge, that the acknowledgement was made by Degruy to favor his step children, to the injury of his creditors, and that, at all events, they had no mortgage or privilege. The right of Mrs. Roman was recognised. The original plaintiff appealed.

From a close examination of the evidence, we concur in the opinion of the District Judge as far as it denies any privilege or tacit mort-

gage, in opposition to the claim of Mrs. Ro-man to A. V. and E. d'Auterive, and Louis d'Auterive.

The testimony supports the District Judge in the conclusion to which he came, that the first husband of Mrs. Degruy, the father of Bernard, Louis, and Marigny d'Auterive, died insolvent, and that no estate of his came to the possession of Degruy.

But the record shows that Mrs. Degruy brought a dowry of seven thousand two hundred dollars, on her second marriage, as appears by her marriage deed; this sum she divided into four parts, one for each of her children by her former husband and one for a daughter she had with Degruy. Of this the plaintiff Louis, and the father of the plaintiffs, Adeline and Eleonore, received their share; but that of the plaintiff Marigny remained in Degruy's hands, and for its amount, the plaintiff Marigny has a privilege on Degruy's property, which must prevail over Mrs. Roman's right. His share is correctly stated at seventeen hundred dollars.

Interest is claimed from the day of a concordat between Degruy and his creditors, whereby he promised to pay it, but this does not create a privilege for the interest.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be be annulled, avoided, and reversed, and that the order of seizure in favour of Marigny d'Auterive be reinstated for the sum of seventeen hundred dollars, with interest from the inception of the suit, and that the same sum be paid in preference to the claim of Mrs. Roman, and that she pay costs in both courts.

East'nDistrict.
*Feb.*1824.

D'AUTERIVE
*vs.*
DEGRUY

*Mazureau & Grymes* for the plaintiffs, *Livingston* for the defendant.